FILED

2025 Aug-26  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JUANICCA WEDGEWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00266-SGC |
| | ) | |
| DOUGLAS A. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER[1]

This is an employment discrimination case brought against the Secretary of Veterans Affairs ("the defendant") by Juanicca Wedgeworth ("the plaintiff"). Following summary judgment, one claim remained for trial by the court: the plaintiff's claim the defendant failed to accommodate her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"). (Doc. 50).[2]  The court commenced the bench trial on August 25, 2025.  After the plaintiff rested her case in chief that same morning, the defendant moved in open court for judgment on partial findings under Rule 52(c) of the *Federal Rules of Civil Procedure*.  The court orally granted the motion.  The court sets out below the

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 14).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

findings of fact and conclusions of law on which the grant of the Rule 52(c) motion rests after addressing the relevant procedural history.

## I.    Relevant Procedural History

The plaintiff commenced this action on March 1, 2022.  (Doc. 1).  After the plaintiff's failure to accommodate claim survived summary judgment and the parties were unable to resolve that claim through mediation, the court entered an order on May 23, 2025, setting the claim for a bench trial on August 25, 2025.  (Doc. 56).

On August 18, 2025, at the prompting of the court, the plaintiff belatedly filed an exhibit list, a witness list, and a computation of damages.  (Docs. 62, 64, 65, 66).  The plaintiff also filed a motion for appointment of counsel.  (Doc. 63).  The court denied the motion.  (Doc. 68).  The reasons for denial were two-fold.  First, being neither novel nor complex, this case did not meet the substantive standard for appointment of counsel.  Second, the plaintiff was not diligent in attempting to obtain counsel on her own or with the court's assistance.  The plaintiff represented in her motion for appointment of counsel that she had done nothing to secure an attorney herself since contacting one law firm around the time she commenced this action, and she waited until approximately one week before trial to file the motion asking the court to appoint counsel for her.  (Doc. 63 at 3-4).

After denying the motion for appointment of counsel, the court set a telephone status conference because the court was concerned the motion suggested the plaintiff

was not prepared for trial.  During the status conference, held on August 20, 2025, the plaintiff satisfied the court the concern was misplaced.  The plaintiff confirmed multiple times that she would be present in court on August 25, 2025, and was prepared to proceed with the trial.

However, when the court instructed the plaintiff to call her first witness on the morning of August 25, 2025, the plaintiff requested a continuance.  The court denied the request for a variety of reasons, including the fact that this uncomplicated case was more than three years old.  The court did pause the proceedings to afford the plaintiff an opportunity to secure the presence of Lynda Wilson as a potential lay witness.[3]

Wilson, the only witness the plaintiff identified on her witness list other than herself, provided counseling services to the plaintiff during the relevant period. (Doc. 43-10; Doc. 65).  The plaintiff indicated on her witness list that Wilson would offer testimony as an expert witness.  (Doc. 65).  In the week before trial, the defendant moved to preclude Wilson from testifying as an expert witness on the grounds the plaintiff did not disclose Wilson as an expert witness in a timely manner and that the disclosure was incomplete.  (Doc. 70).  The court orally granted the motion on the morning of trial after the plaintiff stated she had no objection. However, the court suggested Wilson might be able to offer testimony as a lay

---

[3] Wilson was known as Lynda Price when she treated the plaintiff.  (Doc. 43-10).

3

witness based on her treatment of the plaintiff and the defendant's knowledge of Wilson and the treatment she provided.  Although the defendant objected to the suggestion, the plaintiff was unable to reach Wilson within the time allotted by the court, thereby mooting the issue.

The trial resumed with the plaintiff testifying as her first and only witness. The plaintiff provided a narrative statement in lieu of traditional direct examination. The defendant then cross-examined the plaintiff.  After cross-examination, the defendant's counsel moved in open court for judgment on partial findings under Rule 52(c).

## II.    Standard of Review

A district court presiding over a bench trial decides the facts, which involves determining the credibility of witnesses and weighing the evidence, and then makes conclusions of law based on those facts.  *See Sidman v. Travelers Cas. & Sur.*, 841 F.3d 1197, 1201 (11th Cir. 2016) (discussing standard of review applicable to district court's findings of fact and conclusions of law following bench trial).  The party prosecuting a claim bears the burden of proving each element of the claim to the court by a preponderance of the evidence.  *Fire Ins. Exch. v. McCoy*, 637 F. Supp. 2d 991, 992 (M.D. Ala. 2009); *see also Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x 824, 831 (11th Cir. 2020) (holding district court presiding over bench trial did not err in basing its conclusions on preponderance standard).

The court must "find the facts specially and state its conclusions of law separately," either "on the record after the close of the evidence" or "in an opinion or a memorandum of decision." FED. R. CIV. P. 52(a)(1). Although the court must find the facts "with enough specificity for a reviewing court to identify the factual findings upon which the court's legal conclusions are based," the court "need not state the evidence or any of the reasoning upon the evidence nor assert the negative of rejected propositions." *Stock Equip. Co., a Unit of Gen. Signal Corp. v. Tenn. Valley Auth.*, 906 F.2d 583, 592 (11th Cir. 1990) (internal quotation marks and citations omitted). A reviewing court "presume[s] that the judge considers all of the evidence, and relies on so much of it as supports the finding and rejects what does not support the finding, unless the judge states otherwise." *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1285 (9th Cir. 1984) (quoted favorably in *Stock Equip. Co.*). In sum, " 'the judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.'" *Stock Equip. Co.*, 906 F.2d at 592 (quoting FED. R. CIV. P. 52 advisory committee's note).

A reviewing court will not set aside a district court's findings of fact – including its determinations of the credibility of witnesses and weight of the evidence – unless they are clearly erroneous. *Sidman*, 841 F.3d at 1201. " 'In a case in which the evidence is largely testimonial . . . the district court has the advantage

of observing the witnesses and evaluating their credibility firsthand, and the standard of review imposes an especially heavy burden on an appellant.'" *Id.* (quoting *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 592 (11th Cir. 2007)).

Rule 52(c) provides a mechanism for a court presiding over a bench trial to conclude the proceedings before the close of all evidence if a party fails to establish a crucial element of her case after having been fully heard on an issue. *See* FED. R. CIV. P. 52(c) ("If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."); *Morales Feliciano v. Rullan*, 378 F.3d 42, 59 (1st Cir. 2004) ("When a party has finished presenting evidence and that evidence is deemed by the trier insufficient to sustain the party's position, the court need not waste time, but, rather, may call a halt to the proceedings and enter judgment accordingly."). The procedure and standards governing a Rule 52(c) motion are the same as those governing the decision made by a court at the conclusion of a bench trial. *See* 9C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2573.1 (3d ed.). In ruling on a Rule 52(c) motion, a court assesses witness credibility, weighs the evidence, and then applies a preponderance of the evidence standard to make findings of fact and conclusions of law, without drawing any special inference in favor of the non-moving party. *Emerson Elec. Co. v.*

*Farmer*, 427 F.2d 1082, 1086 (5th Cir. 1970) (addressing predecessor version of Rule 52(c), which was found in Rule 41(b)); *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1504 (11th Cir. 1993) (same); *Denson v. United States*, 574 F.3d 1318, 1334 n.48 (11th Cir. 2009).

## III.    Findings of Fact

1.    The plaintiff worked as a social worker in an emergency department operated by the Veterans Administration ("VA") from September 15, 2019, to September 10, 2020.

2.    At some point during that year-long period, the plaintiff requested permission to telework for the duration of the COVID-19 pandemic due to mental health challenges she was experiencing.

3.    The plaintiff testified some social workers were granted permission to telework during the pandemic and that, although she understood VA emergency department social workers could not telework, she decided to ask anyway because she did not see the difference between working from her office and working from home.

4.    The defendant did not grant the accommodation requested by the plaintiff, and the plaintiff did not request any other type of accommodation.

## IV.    Conclusions of Law

The Rehabilitation Act prohibits federal executive branch agencies and

recipients of federal financial assistance from discriminating against disabled employees. 29 U.S.C. § 794(a). A plaintiff establishes a *prima facie* case of disability discrimination under the Rehabilitation Act by showing (1) she has a disability, (2) she is a "qualified individual," meaning she can perform the "essential functions" of her job without accommodation or, failing that, with a reasonable accommodation, and (3) her employer discriminated against her "solely by reason of her [] disability." 29 U.S.C. § 794(a); 42 U.S.C. § 12111(8); *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *Davis v. Florida Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).

A plaintiff may satisfy the third prong of a *prima facie* case of disability discrimination by showing that her employer failed to provide a reasonable accommodation for her disability. *Boyle*, 866 F.3d at 1289. The employee has the burden of identifying an accommodation and showing it is reasonable. *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1526 (11th Cir. 1997). An accommodation is reasonable only if it enables an employee to perform the essential functions of her job. *Holly*, 492 F.3d at 1256. This is another way of saying the Rehabilitation Act does not require an employer to eliminate an essential function of an employee's job to accommodate the employee's disability. *Id.*

"Determining whether a particular job duty is an essential function involves a

factual inquiry to be conducted on a case-by-case basis." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001).  A court may consider an employer's judgment as to whether a function is essential, a written description of the job, the amount of time spent on the job performing the function, the consequences of not requiring the employee to perform the function, the terms of a collective bargaining agreement, the work experience of past employees in the position, and the current work experience of employees in similar positions.  42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(n)(3); *Bagwell v. Morgan Cnty. Comm'n*, 676 F. App'x 863, 865-66 (11th Cir. 2017).

The court afforded the plaintiff an opportunity to be fully heard on her sole remaining claim: that the defendant did not accommodate her disability as required by the Rehabilitation Act.  Having been afforded the opportunity, the plaintiff failed to introduce evidence that would preponderate in favor of a conclusion that working remotely as a VA emergency department social worker for the duration of the pandemic would have been a reasonable accommodation.[4]  A *pro se* plaintiff is afforded some leniency at certain stages of a civil proceeding.  *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

---

[4] The court makes no conclusion as to whether the plaintiff was under a disability within the meaning of the Rehabilitation Act during the relevant period.

liberally construed."). However, this leniency does not relieve a *pro se* plaintiff of the ultimate burden of proving each element of a claim. *Cf. Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010) (holding leniency afforded *pro se* pleadings "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action"). Because the plaintiff here failed to prove an essential element of her failure to accommodate claim after a full and fair opportunity to be heard, the court will grant the defendant's Rule 52(c) motion.

## V.     Conclusion

For the reasons stated above, the court **GRANTS** the defendant's Rule 52(c) motion and will enter judgment in the defendant's favor under Rule 58 of the *Federal Rules of Civil Procedure* by separate final order.

**DONE** this 26th day of August, 2025.

_Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE